UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER GAUDA,

                    Plaintiff,                         **DECISION AND ORDER**

            v.                                          1:19-CV-00076 EAW

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

## <u>INTRODUCTION</u>

Represented by counsel, plaintiff Christopher Gauda ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 13; Dkt. 18), and Plaintiff's reply (Dkt. 19). For the reasons discussed below, Plaintiff's motion (Dkt. 13) is granted, the Commissioner's motion (Dkt. 18) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

- 1 -

## BACKGROUND

Plaintiff protectively filed his applications for SSI and DIB on February 13, 2015. (Dkt. 7 at 119, 120).[1]  In his applications, Plaintiff alleged disability beginning December 31, 2014, due to constant lower back pain, severe pain in left leg, pain when sitting, disc replacement, depression, and not "lik[ing] to leave the house."  (*Id.* at 121-22).  Plaintiff's applications were initially denied on July 6, 2015.  (*Id.* at 119-40).  At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") David J. Begley on October 5, 2017, with Plaintiff appearing in Buffalo, New York, and the ALJ presiding over the hearing from the National Hearing Center in Falls Church, Virginia.  (*Id.* at 81-118).  On February 13, 2018, the ALJ issued an unfavorable decision.  (*Id.* at 16-35). Plaintiff requested Appeals Council review; his request was denied on November 13, 2018, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C.

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

§ 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* §§ 404.1520(d), 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id.* §§ 404.1520(f), 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* §§ 404.1520(g), 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I.   **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2019.  (Dkt. 7 at 22).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 31, 2014, the alleged onset date.  (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease-lumbar and depression/anxiety."  (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.*).  The ALJ particularly considered the requirements of the listings under Section 1.00, and Listings 12.04 and 12.06 in reaching this conclusion.  (*Id.* at 22-24).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that:

> [Plaintiff] is prohibited from climbing ladders, ropes, and scaffolds.  He is further limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  He would need to avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights, and open flames.  Additionally, he is limited to doing simple routine, repetitive tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions; with few, if any, workplace changes.

(*Id.* at 24).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 29).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of housekeeper/cleaner, mail clerk, and general office helper. (*Id.* at 30). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II.   Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing that the ALJ's RFC finding is unsupported by substantial evidence because: (1) the ALJ misapplied the "Five Day Rule" (*see* 20 C.F.R. § 416.1435(a)) in rejecting evidence submitted post-hearing; and (2) the ALJ improperly weighed the medical source opinions, relied on stale medical opinions, and relied upon his own interpretation of the bare medical findings. (Dkt. 13-1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ improperly weighed the medical opinions of record, and that this error necessitates remand for further administrative proceedings.

### A.   The ALJ Improperly Weighed Medical Opinions of Record

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). "In assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record." *Shillenn v. Comm'r of Soc. Sec.*, No. 1:17-CV-01225-MAT, 2019 WL 5586982, at *3 (W.D.N.Y. Oct. 30, 2019).

An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta*, 508 F. App'x at 56.  However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted).  "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation omitted).

"The Commissioner's regulations provide that '[r]egardless of its source, [the ALJ] will evaluate every medical opinion [he] receive[s].'" *Shillenn*, 2019 WL 5586982, at *3 (quoting 20 C.F.R. § 404.1527(d)) (alterations in original).  Here, the ALJ improperly assigned a medical source statement dated November 1, 2017, "very little weight" solely because it contained an illegible signature.  (Dkt. 7 at 27).  The medical source statement plainly indicated that it had been submitted by Buffalo Spine Surgery.  (*See id.* at 870-74).  Rather than contact Buffalo Spine Surgery to identify the statement's author, the ALJ summarily concluded it was entitled to "very little weight" because the statement "fail[ed] to clearly establish that the individual who completed the statement was an acceptable medical source pursuant to 20 C.F.R. [§§] 404.1527(a)(2) and 416.927(a)(2)."  (*Id.*).

The ALJ's rejection of the opinion without attempting to discern the author was error for multiple reasons.  First, an ALJ has an affirmative duty to develop the record.  "Although the claimant has the general burden of proving that he or she has a disability within the meaning of the Act, because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative

record." *Ubiles v. Astrue*, No. 11-CV-6340T(MAT), 2012 WL 2572772, at *7 (W.D.N.Y. July 2, 2012) (internal quotations omitted). This duty to develop the record exists even when the claimant is represented by counsel. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). In particular, "[i]f a physician's report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician, as needed, to fill any clear gaps before rejecting the doctor's opinion." *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 504 (S.D.N.Y. 2014) (citation omitted). The illegible signature on the November 1, 2017, opinion from Buffalo Spine Surgery created a clear gap in the record that the ALJ should have filled. As such, the ALJ failed to develop the record when he summarily dismissed the opinion without attempting to contact Buffalo Spine Surgery. *See, e.g., Brown v. Comm'r of Soc. Sec.*, No. 18-CV-11175 (GBD) (KNF), 2020 WL 420317, at *6 (S.D.N.Y. Jan. 8, 2020) (holding ALJ failed to develop record where she rejected undated and unsigned medical source statement without noticing it was incomplete and filling gap in the record).

Second, it was error for the ALJ to reject the opinion solely on the basis that it was potentially not authored by an acceptable medical source. *See Feliciano v. Comm'r of Soc. Sec.*, No. 1:18-CV-00502 EAW, 2020 WL 1815754, at *3 (W.D.N.Y. Apr. 10, 2020) ("An ALJ may not disregard opinion evidence from an 'other source' solely because it was not authored by an acceptable medical source."). Indeed, the Social Security regulations, still applicable to Plaintiff's claim, provide that opinions from "other sources," are "important" and "should be evaluated on key issues such as impairment severity and functional effects."

SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006); 20 C.F.R. §§ 404.1523(d)(1), 416.913(d)(1).

"While an 'other source' opinion is not treated with the same deference as a treating physician's opinion, the assessment is still entitled to some weight, especially when there is a treatment relationship with the claimant." *Wahler v. Colvin*, No. 1:11-CV-1096(MAT), 2014 WL 6390320, at *9 (W.D.N.Y. Nov. 17, 2014) (citing *Pogozelski v. Barnhart*, No. 03-CV-2914, 2004 WL 1146059, at *12 (E.D.N.Y. May 19, 2004) ("[A]lthough not a physician, and thus not entitled to the level of deference accorded under the 'treating physician rule,' some weight should still have been accorded to Flournoy's opinion based on his familiarity and treating relationship with the claimant.")). As such, even if the statement was not authored by an "acceptable medical source," it would have been error to disregard the opinion on that basis alone.

In addition to erring in rejecting the illegibly signed medical opinion, the ALJ also failed to properly weigh the October 2017 opinion of Dr. Andrew Cappuccino, Plaintiff's treating neurosurgeon. Because Plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he or she "must consider various factors to determine how

much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted).  These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Id.*  "An ALJ's failure to explicitly apply the[se] . . . factors when assigning weight at step two is a procedural error."  *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quotation omitted).  However, such error is harmless if "a searching review of the record" confirms "that the substance of the treating physician rule was not traversed."  *Id.* (quotation omitted).

In this case, the ALJ  assigned little weight to Dr. Cappuccino's opinion, relying in part on the contradictory findings of consultative examiner Dr. Hongbiao Liu.  (Dkt. 7 at 27).  Plaintiff argues, and the Court agrees, that Dr. Liu's opinion was stale and thus did not provide an adequate basis for discounting Dr. Cappuccino's opinion.  Medical records subsequent to Dr. Liu's June 2015 examination document significant additional treatment, including a total of three surgical interventions in 2016 and 2017.  (*See id.* at 444, 457, 459, 464, 477-78, 631, 709-10, 857-58).  The records demonstrate that Plaintiff's condition subsequently deteriorated, rendering Dr. Liu's opinion stale.  To the extent that the ALJ discredited Dr. Cappuccino's opinion based on Dr. Liu's stale opinion, this was error.  *See Pagano v. Comm'r of Soc. Sec.*, No. 16-CV-6537-FPG, 2017 WL 4276653, at *5 (W.D.N.Y. Sept. 27, 2017) (not a good reason to discredit treating physician's opinion with consultative examiner's opinion, especially where consultative examiner's opinion was

rendered before plaintiff's surgery and did not account for the plaintiff's deteriorating condition); *Hawkins v. Colvin*, No. 15-CV-6394 CJS, 2016 WL 6246424, at *3 (W.D.N.Y. Oct. 26, 2016) (remand required where the "consultative medical examination report was 'stale' at the time of the ALJ's decision, insofar as the report was issued prior to Plaintiff's degenerative disc disease becoming symptomatic"); *Girolamo v. Colvin*, No. 13-CV-06309 (MAT), 2014 WL 2207993, at *8 (W.D.N.Y. May 28, 2014) (ALJ erred in assigning "great weight" to medical source statement of state agency physician, in part, because it was "based on an incomplete record since it was rendered in November 2010 *before* Plaintiff's 2011 surgery and related diagnostic testing").

The ALJ's errors in weighing the medical opinions of record, taken as whole, necessitate remand. Although it is not clear on the current record that the medical source statements at issue were entitled to more or controlling weight, the ALJ's failure to apply the appropriate standards in weighing them "frustrates meaningful review because it hinders the court's ability to determine whether the ALJ's decision is supported by substantial evidence." *Nolan v. Comm'r of Soc. Sec.*, No. 1-17-CV-1190 (WBC), 2019 WL 342413, at *4 (W.D.N.Y. Jan. 8, 2019) (collecting cases remanding for failure to appropriately weigh and consider opinions of record). Accordingly, remand on this basis is warranted.

### B.   Plaintiff's Remaining Argument

As set forth above, Plaintiff has also argued that the ALJ committed legal error in refusing to admit post-hearing evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further

administrative proceedings is necessary, the Court declines to reach this issue.  *See, e.g.,* *Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary as the ALJ failed to consider the opinion of treating physician, which was received in compliance with the Five Day Rule); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court had already determined the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Commissioner's motion for judgment on the pleadings (Dkt. 18) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:     May 13, 2020
           Rochester, New York